## 72673. MALLOY v. SEXTON.
### (347 SE2d 648)

BANKE, Chief Judge.

Malloy sued Sexton in the Magistrate Court of DeKalb County to recover a portion of a fee she had paid him for certain legal services. A trial in that court resulted in a judgment in her favor in the principal amount of $300. Sexton appealed that judgment to the State Court of DeKalb County, where a trial de novo was held without a jury, resulting in a judgment in his favor. Malloy appeals to this court from the subsequent denial of her motion for new trial. *Held*:

This is certainly the type of case the Legislature must have had in mind when it enacted the requirement that "[a]ppeals in all actions for damages in which the judgment is $2,500 or less" must be taken by application to the appropriate appellate court rather than by direct appeal. OCGA § 5-6-35 (a) (6). However, the Supreme Court has recently interpreted that statutory requirement to be limited in its application to actions "in which the money judgment is one cent through $2,500," thereby excluding from its ambit actions such as the present one, in which only a few hundred dollars was sued for and nothing at all was recovered. See *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986).

Upon consideration of the merits of the present case, we find that each of the appellant's contentions requires consideration of the evidence presented at trial, yet no transcript of that evidence has been included in the record transmitted to this court. "In the absence of a transcript we must presume as a matter of law that the evidence at trial was sufficient to support the judgment below." *Rivers v. Owen*, 170 Ga. App. 166 (316 SE2d 579) (1984). Consequently, we affirm the judgment of the trial court in the present action.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 25, 1986 —
REHEARING DENIED JULY 15, 1986.

Judith L. Malloy, *pro se.*
*J. Douglas Sexton*, for appellee.